# Holland & Knight

100 North Tampa Street, Suite 4100 | Tampa, FL 33602 | T 813.227.8500 | F 813.229.0134
Holland & Knight LLP | www.hklaw.com

Stacy D. Blank
+1 813-227-6613
stacy.blank@hklaw.com


October 18, 2022


*Via CM/ECF*

Patricia S. Connor
Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

   Re:  *Davidson v. United Auto Credit Corporation*
       Case No. 21-1697

Dear Ms. Connor:

  Pursuant to Rule 28(j), United Auto Credit Corporation ("United Auto") invites this Court's attention to *Yurth v. Experian Information Solutions, Inc.*, Civil Action No. 22-660, 2022 WL 3588019 (E.D. Pa. Aug. 22, 2022). In *Yurth*, the court held that the Military Lending Act ("MLA") does not apply to a purchasing contract for a motorcycle that included an ancillary service agreement with a third-party.

  In *Yurth*, the plaintiff entered into a contract with the buyer as a co-signer to help finance the purchase of a motorcycle. *Yurth*, 2022 WL 3588019, at *1. As in this case, the plaintiff argued that due to the inclusion of the service agreement within the purchasing contract, the MLA consumer credit exemption did not apply. *Id.* at *6 n.6. The court rejected that argument, explaining that the plaintiff entered into the contract with the express purpose to help the buyer finance the purchase of the motorcycle, and the inclusion of the ancillary service contract "did not change the [c]ontract's express purpose." *Id.* The court explained that without the purchase of the motorcycle, there would have been no need for the plaintiff to enter an agreement with the buyer to help finance the motorcycle. *Id.* Just as in *Yurth*, Davidson would not have purchased the Guaranteed Auto Protection ("GAP") waiver at issue in this case without the underlying purchase of the vehicle. *Id.* Thus, the court's conclusion that a dependent ancillary agreement does not change the contract's express purpose undermines Davidson's argument that the inclusion of the GAP waiver precludes the application of the MLA consumer credit exemption. *Id.*

Atlanta | Austin | Boston | Century City | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth
Houston | Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia
Portland |Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Patricia S. Connor
October 18, 2022
Page 2

      The *Yurth* decision supports United Auto's argument that a dependent ancillary agreement does not change the original purchasing contract's express purpose, and thus, the MLA does not apply under its plain language. (Answer Br. 13-15).

Sincerely yours,

HOLLAND & KNIGHT LLP

*[signature]*

Stacy D. Blank

SDB

cc:    All Counsel of Record (*via CM/ECF*)

#179682155_v1