

*Issues & Appeals*

October 29, 2022

Patricia S. Connor
Clerk of the Court
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:   *Davidson v. United Auto Credit Corporation*, No. 21-1697
      Notice of Supplemental Authority under Fed. R. App. P. 28(j)

Dear Ms. Connor,

    At oral argument, Judge Richardson asked whether there are other examples in which the phrase "for the express purpose of" describes a condition or limitation as it does in the Military Lending Act, and also means "for the precise and exclusive purpose of"—rather than "for the explicit purpose of." We have found numerous such examples, a small sampling of which are listed in Exhibit A (attached).

    In the Military Lending Act, the phrase "for the express purpose of" describes an exception to the statute's requirements. So, for example, under the statute, "it shall be unlawful for any creditor" to "use[] the title of a [servicemember's] vehicle as security," except for loans "for the express purpose of financing the purchase" of that vehicle. 10 U.S.C. § 987. The equivalent in Judge Richardson's hypothetical would be "Clerks may not spend this $20, except for the express purpose of buying a sandwich."

    When the phrase "for the express purpose of" is used in this way, the word express usually means "specific and exclusive"—as in the Military Lending Act—not "explicit." For example, many laws provide that: "The attendance of a director at a meeting shall constitute a waiver of notice of such meeting, except where a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened." Ex. A. If a director attends an improperly noticed meeting and *explicitly* objects, but then participates in the rest of the meeting, they have nevertheless waived notice because objecting must be the *exclusive* purpose of their attendance. *See In re Audubon Quartet, Inc.*, 285 B.R. 250, 258 (Bankr. W.D. Va. 2002). There are countless other examples, including in definitional provisions. *See* Ex. A.

    The Military Lending Act is no different. In fact, the *only* way to give the statute's requirement that an exempt loan must be "for the express purpose of financing" a car any function at all is to give it the ordinary meaning that it must be for the precise and exclusive purpose of purchasing a car.

Gupta Wessler PLLC
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741     F 202 888 7792
guptawessler.com

Gupta / Wessler   *Issues & Appeals*

Respectfully submitted,

*/s/ Jennifer D. Bennett*
Jennifer D. Bennett
*Counsel for Plaintiff-Appellant*

Gupta Wessler PLLC
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741   F 202 888 7792
guptawessler.com

# EXHIBIT A

1. 12 C.F.R. § 239.27 ("The attendance of a director at a meeting shall constitute a waiver of notice of such meeting, except where a director attends a meeting for the express purpose of objecting to the transaction of any business because the meeting is not lawfully called or convened."); *accord, e.g.*, Ala. Code § 10A-3-2.13(b); Alaska Stat. Ann. § 10.15.165; Ark. Code Ann. § 23-18-321; Del. Gen. Corp. Law § 229; Mo. Ann. Stat. § 351.340; N.M. Stat. Ann. § 53-11-42; Or. Rev. Stat. Ann. § 62.285; R.I. Gen. Laws Ann. § 7-1.2-809; S.D. Codified Laws § 47-23-21; Wash. Rev. Code Ann. § 24.06.150.

2. 19 C.F.R. § 10.151 ("[T]he port director shall pass free of duty and tax any shipment of merchandise . . . unless he has reason to believe . . . that it was sent separately for the express purpose of securing free entry therefor or of avoiding compliance with any pertinent law or regulation.").

3. Department of Defense Authorization Act of 1983, Pub. L. No. 97-252, § 1111, 96 Stat. 718 (1982) ("Sec. 1111. None of the funds appropriated pursuant to an authorization contained in this Act may be obligated or expended to enter into any contract for the performance of firefighting functions or security-guard functions at any military installation or facility, except when such funds are for the express purpose of providing for the renewal of contracts in effect on the date of the enactment of this Act.").

4. Dredging, Swinomish Tribal Code T. 15, Ch. 8, App. 19–04.280 ("[D]redging shall not be permitted in Aquatic Lands along the Natural Shorelines classification, except for the express purpose of restoring natural tideland elevations and shoreline ecological functions and processes. . . . No dredging shall be permitted in any sensitive area, including named streams, except for the express purpose of restoring the functions and values of the sensitive area, as part of a restoration project approved by the Tribe.")

5. Ohio Rev. Code Ann. § 907.44 ("No person shall sell, distribute, or have in his possession for sale any seed or grain which has been treated with a poisonous material unless the seed or grain has been colored or dyed a color contrasting with its natural color. Seed or grain to which a material has been applied for the express purpose of killing or mitigating insects, fungi, or other forms of plant or animal life present in the grain, and which bears no residue of a poisonous material for which a tolerance has not been established . . . are exempted from

the coloring and labeling requirements of sections 907.41 to 907.47, inclusive, of the Revised Code.")

6. *Hoerner v. Com., Pub. Sch. Emps.' Ret. Bd.*, 546 Pa. 215, 223 (1996) (quoting regulation excluding from the definition of "'compensation' for purposes of computing retirement benefits . . . any other payment or similar emoluments which may be negotiated in a collective bargaining agreement for the express purpose of enhancing the compensation factor for retirement benefits")

7. Code Me. R. tit. 65-625 Ch. 5, § 2 ("'Compliance to Protocol' means adherence to written text or scripts and other processes within the approved Emergency Fire Dispatch Priority Reference System (EFDPRS) except to the extent that deviation from the text or script is necessary for the express purpose of clarifying the meaning or intent of a question or facilitating clear understanding of a required action, instruction, or response from the caller.")

8. La. Stat. Ann. § 14:87 (2006) ("It shall not be unlawful for a physician to perform [an abortion] if performed under the following circumstances: . . . The physician terminates a pregnancy for the express purpose of saving the life, preventing the permanent impairment of a life sustaining organ or organs, or to prevent a substantial risk of death of the mother.").

9. S.C. Code Ann. § 45-2-35 ("A person who refuses to allow law enforcement officers or fire service personnel to stay overnight on official business in a place of public accommodation because the officer or personnel is accompanied by a certified canine is subject to a civil fine not exceeding one hundred dollars for each violation. . . . Hotels which operate for the express purpose of renting individually owned private dwellings are exempt from this section.")

10. Poarch Band of Creek Indians Code § 22–1–12(d) ("No candidate will be allowed in the room used for voting during voting hours except for the express purpose of casting his or her vote.")

11. *In re Sch. Dist. of Hillsborough Twp.*, 1996 WL 769151, at *2 (N.J. Adm. Mar. 25, 1996) ("Board members and the Board Secretary could not enter the polls except for the express purpose of casting ballots.")

12. *Harper v. Bd. of Regents, Ill. State Univ.*, 35 F. Supp. 2d 1118, 1123 (C.D. Ill.), *aff'd sub nom. Boulahanis v. Bd. of Regents*, 198 F.3d 633 (7th Cir. 1999) ("Title IX prohibits gender discrimination by educational institutions, not mere lapses of

professional courtesy, consideration, or good judgment, and Plaintiffs have utterly failed to demonstrate that ISU considered gender in any way except for the express purpose of acting to comply or come into compliance with federal law.")

13. *Cochran Firm, P.C. v. Cochran Firm L.A., LLP*, 2013 WL 12120532, at *2 (C.D. Cal. Mar. 5, 2013) ("The Court ORDERS that Defendants . . . are enjoined from . . . Using in commerce, including in the name of any law firm, the term "Cochran" . . . . except for the express purpose of winding up the law partnership known as The Cochran Firm Los Angeles.")

14. *Young v. Young*, 2009 WL 3400269, at *1 (Ky. Ct. App. Oct. 23, 2009) (The trial court ordered that "the Respondent, Gary Steven Young, is permanently enjoined from further communication with the Petitioner, Laura Sue Young, except for the express purpose of effecting visitation with his children.")

15. *O'Brien v. Johnson*, 275 Minn. 305, 308–09 (1967) ("It has long been the law of this state that a judgment debtor may assert an exemption for the express purpose of evading his creditors. This we have held is not fraud, regardless of the debtor's motive.").