# Holland & Knight

100 North Tampa Street, Suite 4100 | Tampa, FL 33602 | T 813.227.8500 | F 813.229.0134
Holland & Knight LLP | www.hklaw.com

Stacy D. Blank
+1 813-227-6613
stacy.blank@hklaw.com

November 4, 2022

*Via CM/ECF*

Patricia S. Connor
Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

   Re: *Davidson v. United Auto Credit Corporation*, Case No. 21-1697
      Response to Notice of Supplemental Authority under Fed. R. App. P. 28(j)

Dear Ms. Connor:

  During oral argument, Judge Richardson asked Davidson's counsel to identify instances in which "express" means "sole" or "exclusive" when that term is used as a condition rather than a directive. Davidson has identified 15 purported examples in a lengthy exhibit (which materially exceeds the word limit). Davidson's examples miss the point.

  Examples 1, 3, 4, 10, 11, 13, and 14 are all directives. Each directs that an act shall or shall not be done. For instance, the language in example 1 provides that a director's attendance at a meeting "shall constitute a waiver of notice of such meeting, except where a director attends a meeting for the express purpose of objecting to the transaction of any business…." 12 C.F.R. § 239.27. If the director does anything more than object, the director has violated the directive. This is akin to Judge Richardson's hypothetical in which he gives his law clerk $20.00 with the instruction to use the money to buy a sandwich. If the clerk buys a book and a sandwich, the clerk has violated the directive.

  Davidson's letter suggests that the motor vehicle exception to the MLA is itself a directive, not a condition. But Davidson resorts to cutting and pasting portions of the statute to alter its meaning. The motor vehicle exemption to the MLA is not a directive. Instead, like Davidson's examples 5, 6, 9, 12, and 15, it is expressed as a condition in which the term "express" does not mean "sole" or "exclusive." Example 9 demonstrates this difference. The statute there exempts

Patricia S. Connor
November 4, 2022
Page 2

"[h]otels which operate for the express purpose of renting individually owned private dwellings…." S.C. CODE ANN. § 45-2-35(c). A hotel that rents individually owned private dwellings satisfies the condition -- renting individually owned private dwellings -- even if it also operates restaurants and shops.

Finally, examples 2, 7, and 8 contemplate multiple express purposes. The regulation in example 2 describes shipments "sent separately for the express purpose of securing free entry therefore *or* of avoiding compliance with any pertinent law or regulation." 19 C.F.R. § 10.151 (emphasis added). The regulation itself contemplates multiple purposes.

Sincerely yours,

HOLLAND & KNIGHT LLP

*[signature]*

Stacy D. Blank

SDB

cc:     All Counsel of Record (*via CM/ECF*)

#180136914_v1